IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAMES ROBERTSON,

           Plaintiff,

v.                                     CIVIL ACTION NO. 3:05-0777
                                     (Consolidated with case numbers 3:06-374-379)

SHERIFF GREGORY K. FARLEY,
in his official capacity, and
WAYNE COUNTY SHERIFF'S DEPARTMENT,

           Defendants.

**ORDER**

Pending before the Court is Plaintiffs' Motion *in Limine* to Exclude Irrelevant and Unfairly Prejudicial Evidence (Doc. 139) and the Wayne County Sheriff's Department's Motion to Exclude (Doc. 140). The Court heard argument on both of these motions during a pretrial hearing held August 20, 2009. After considering both written and oral argument, the Court holds the following:

I.    <u>(Doc. 139) Plaintiffs' Motion *in Limine* to Exclude Irrelevant and Unfairly Prejudicial Evidence</u>

The Court **GRANTS** this motion **in part.** The Defendant shall be precluded from introducing testimony or evidence concerning prior criminal conduct, both charged and uncharged, unless Plaintiffs first open the door. Such evidence is irrelevant to the issues of negligence and causation and may not be introduced to show, for example, that "it is less likely the Defendant acted negligently because it reveals the [Department's] investigations were, though tainted by a confidential informant's lies, successful." Def.'s Br. in Resp. to Pl.'s Mot. to Exclude (Doc. 142). It may, however, be relevant to issues of damages – particularly where Plaintiffs claim damage to their reputations. If Plaintiffs proffer testimony on the issue of damages which makes prior criminal

conduct relevant, Defendants may seek leave from the Court to introduce evidence or elicit testimony regarding this behavior. The Court will then have the necessary context under which to perform a Rule 403 balancing test – to determine whether "the probative value [of such evidence] is substantially outweighed by the danger of unfair prejudice."

II.     (Doc. 140) The Wayne County Sheriff's Department's Motion to Exclude

The Court also **GRANTS** this motion **in part**. The Defendant seeks to exclude testimony or other evidence regarding the existence of liability insurance. Plaintiffs agree that the introduction of such evidence would be inappropriate. As such, the Court **ORDERS** the Plaintiffs not to introduce such evidence.

The Defendant further seeks to exclude the testimony of Plaintiffs' economic expert, Roger Griffith. The parties agree that before Mr. Griffith may testify or before Plaintiffs may reference his damage calculations, Plaintiffs are required to lay a factual foundation. As such the Court, **ORDERS** Plaintiffs to gain the Court's approval before seeking to admit or refer to such testimony.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     August 21, 2009

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE